**O'HAGAN MEYER**
THEODORE C. PETERS (SBN 235115)
SANAY PANCHAL (SBN 304098)
2615 Pacific Coast Highway, Suite 300
Hermosa Beach, CA 90254
Tel: 310.807.1100 | Fax: 310.807.1115
Email: tpeters@ohaganmeyer.com
Email: spanchal@ohaganmeyer.com

*Attorney for Defendants*
SAM'S WEST, INC.; SAM'S REAL ESTATE BUSINESS TRUST; and WALMART INC.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA DIRKES, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>SAM'S WEST, INC., an Arkansas corporation; WALMART, INC., a Delaware corporation; SAM'S REAL ESTATE BUSINESS TRUST, a Delaware corporation; CARL DOE, an individual; and DOES 1-25, inclusive,<br><br>Defendants. | Case No.: 2:22-cv-3466<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) DIVERSITY BY DEFENDANTS SAM'S WEST, INC., SAM'S REAL ESTATE BUSINESS TRUST AND WALMART INC.**<br><br>[Filed concurrently with Civil Cover Sheet and Notice of Interested Parties]<br><br>Complaint Filed: 4/19/2022<br>Trial Date:  None Assigned |

1
NOTICE OF REMOVAL

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendants Sam's West, Inc., Sam's Real Estate Business Trust and Walmart Inc. ("Defendants") hereby remove this civil action from the Superior Court of California for the County of Los Angeles, where it is currently pending as Case No. 22AVCV00269, to the United States District Court for the Central District of California, Western Division.

This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) on the grounds that complete diversity exists between all parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Plaintiff Jessica Dirkes is a resident, citizen and domiciliary of the State of California. Defendant Sam's West, Inc. is an Arkansas corporation with its principal place of business in the State of Arkansas. Defendant Sam's Real Estate Business Trust is a Delaware statutory trust for which citizenship for diversity purposes is based on the citizenship of its beneficial owners. *See Conagra Foods, Inc. v. Americold Logistics, LLC*, 776 F.3d 1175, 1181 (10th Cir. 2015). The sole beneficial owner of Sam's Real Estate Business Trust is Sam's Property Co. Sam's Property Co. is a Delaware corporation with its principal place of business in the State of Arkansas. Defendant Walmart Inc. is a Delaware corporation with its principal place of business in the State of Arkansas.

**BACKGROUND**

On April 19, 2022, an action was commenced in the Superior Court of the State of California in and for the County of Los Angeles, entitled "Jessica Dirkes *v.* SAM'S WEST, INC.; WALMART, INC.; SAM'S REAL ESTATE BUSINESS TRUST; CARL DOE, an individual; and DOES 1-25", as Case Number 22AVCV00269. Pursuant to 28 U.S.C. § 1446(a), a copy of the Summons and Complaint is attached hereto as **Exhibit 1**.

/ / /

Sam's West, Inc., Sam's Real Estate Business Trust and Walmart Inc. have all been served with a copy of the Summons and Complaint. To the best of Defendants' knowledge, the Summons and Complaint have not been served on Defendant Carl Doe.

Plaintiff asserts in the Complaint two causes of action, for negligence and premises liability, arising out of a trip and fall incident that allegedly occurred in Sam's West, Inc. parking lot located in Palmdale, California, on or about July 31, 2021. Plaintiff claims that as a result of her trip and fall, she sustained general damages, medical, hospital, and related expenses, loss of earnings, loss of future earning capacity, and other damage according to proof, together with pre- and post-judgment interest and costs of suit. In a May 12, 2022, Statement of Damages, Plaintiff asserts that she is entitled to general damages in excess of $1,000,000.00 and special damages in excess of $1,000,000.00. A copy of Plaintiff's Statement of Damages is attached hereto as **Exhibit 2**.

## GROUNDS FOR REMOVAL

As set forth more fully below, this Court has subject matter jurisdiction under 28 U.S.C. § 1332, which confers original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States and in which citizens or subjects of a foreign state are additional parties[.]"

**I.    The Amount-In-Controversy Requirement is Satisfied.**

Plaintiff's Complaint does not specify the amount of damages sought by way of her action. Pursuant to California Code of Civil Procedure §§ 425.10 and 425.11, a plaintiff in a personal injury action is not permitted to include a specific damages prayer in her complaint. Upon request, however, she is required to provide a detailed statement of damages within fifteen (15) days. Before Plaintiff served Defendant with the Summons and Complaint, however, she prepared and caused to be served *with* the

Complaint, her "Statement of Damages." (**Exhibit 2**) Therein, Plaintiff asserts general damages in excess of $1,000,000.00 and special damages in excess of $1,000,000.00.

District Courts within the Ninth Circuit have reached varied decisions as to whether to treat statements of damage as sufficient to establish the amount in controversy. "Generally, the statement of damages is not conclusive but can be "strong evidence" of the amount in controversy – evidence that is adequate to meet defendant's burden, depending on the circumstances." *Brovold v. Safeway Inc.* No. 3:20-vc-05792-BHS-JRC, 2020 WL 6566164, at *2 (W.D. Wa. Oct. 14, 2020), citing *Mozingo v. Japan Airlines Co.,* No. 20-CV-583 JLS (AGS), 2020 WL 2092913, at *2 (S.D. Cal. May 1, 2020) (remanding matter where statement of damages asserted $265,000 in damages but only $15,000 had been paid to date for medical expenses and the remainder of the calculation was entirely conclusory and unrealistic); *Flores v. Safeway, Inc.*, No. C19-0825-JCC, 2019 WL 4849488, at *1 (W.D. Wash. Oct. 1, 2019) (denying motion to remand where statement of damages gave a specific estimate of the amount sought, which appeared reasonable and which plaintiff did not disavow); *Jackson v. Target Corp.,* No. CV086814RSWLVBKX, at *1 (C.D. Cal. Dec. 22, 2008) (denying motion for remand where it was not a "bold optimistic prediction" to presume that plaintiff sought at least $75,000 where she alleged $783,205 in damages, including emotional distress, pain, suffering and inconvenience, loss of future earning capacity, and future medical expenses); *Ortiz v. Costco Wholesale Corp.*, No. 19-CV-1293 JLS (BGS), 2019 WL 3183675, at *2 (S.D. Cal. July 16, 2019) (remanding to state court where statement of damages did not explain how plaintiff arrived at the estimate of $620,091.40 and where the only damage claim supported by the complaint was $20,091.40 in medical expenses).

Courts in the Ninth Circuit, in assessing whether a removing party has satisfied its burden is establishing the amount in controversy requirement, have "endorsed the Fifth Circuit's practice of considering facts presented in the removal petition as well as 'any summary-judgment-type evidence relevant to the amount in controversy at the

time of removal.'" *Wheeler v. United Financial Casualty Co.*, No. 2:16-cv-01875-SB, 2016 WL 6781612, at *2, citing *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 1997)).

In her Complaint, Plaintiff asserts that, "As Plaintiff was walking within the parking lot of the subject premises, she stepped on an uneven, unleveled, defective, cracked, broken and/or deteriorated portion of the ground causing her to trip and fall, thereby causing Plaintiff to endure severe injury and pain." (Complaint, **Exhibit 1**, at ¶¶ 8, 14.) She asserts that as a consequence, "Plaintiff was hurt in her health, strength and activity, sustaining severe shock and injuries to her person, all of which said injuries have caused, continue to cause, and will in the future cause Plaintiff great physical and emotional pain and suffering… [and] that said injuries are permanent in nature…" (*Id.* at ¶ 11.) Plaintiff also claims that she was required to obtain medical services, and that she has suffered "severe emotional distress." (*Id.* at ¶ 12.) In her prayer for relief, Plaintiff seeks general damages, medical, hospital and related expenses, loss of earnings, and loss of future earning capacity, according to proof. (*Id.* at Prayer for Relief.)

Plaintiff's Statement of Damages should be received as "strong evidence" of the amount in controversy in this instance, particularly in light of the serious and permanent nature of the injuries Plaintiff allegedly sustained while a customer in one of Defendant's retail clubs. While Plaintiff was not required to submit a statement of damages prior to serving the Complaint, she elected to do so with the specific intent of having said statement served together with the Summons and Complaint.  While Plaintiff may not ultimately be able to recover as much as $2,000,000.00 for her alleged injuries as is reflected in her Statement of Damages, as in *Jackson v. Target Corp., supra,* it is not a "bold optimistic prediction" to presume that Plaintiff seeks to recover *at least $75,000* where she has alleged $2,000,000.00 in general and special damages including medical, hospital and related expenses, loss of earnings, loss of future earning capacity, and pre- and post-judgment interests and costs of suit.

Accordingly, the amount in controversy in this action well exceeds $75,000, exclusive of interest and costs.

Because the amount in controversy exceeds $75,000, removal on the basis of diversity should be allowed pursuant to 28 U.S.C. § 1441(b).

## II.   Complete Diversity of Citizenship Exists Between Plaintiff and Defendant.

Plaintiff alleges at paragraph 1 of the Complaint that she is a resident of Los Angeles County, California. Plaintiff is a citizen of California. Plaintiff alleges at paragraph 2 of the Complaint that Defendant Sam's West, Inc. is an Arkansas corporation, that Defendant Walmart Inc. is a Delaware corporation, and that Defendant Sam's Real Estate Business Trust is a Delaware corporation. Defendant Sam's West, Inc. admits that it was incorporated in the State of Arkansas. Defendant Walmart Inc. admits that it was incorporated in the State of Delaware. Defendant Sam's Real Estate Business Trust states that it is a Delaware statutory trust for which citizenship for diversity purposes is based on the citizenship of its beneficial owners. *See Conagra Foods, Inc. v. Americold Logistics, LLC*, 776 F.3d 1175, 1181 (10th Cir. 2015). The sole beneficial owner of Sam's Real Estate Business Trust is Sam's Property Co. Sam's Property Co. is a Delaware corporation. For purposes of diversity, the defendants are citizens of Arkansas and Delaware.

The Complaint also names as a specific "Doe" Defendant, one "Carl Doe," but alleges only vaguely, and on *information and belief only*, that Mr. "Doe" was a "supervisor and/or manager" of the subject premises at the time of Plaintiff's trip and fall, and that "[Mr. Doe]…was responsible for the maintenance of the subject premises at the time of Plaintiff's trip and fall, was responsible to verify that there was in place a policy which provided for the maintenance of the subject premises according to industry standards, was responsible for the training and education of the subject premises employees who were tasked with conducting the maintenance of the subject premises, and was responsible for verifying that the subject premises be maintained

according to industry standards and sufficient policies and procedures." (Complaint, **Exhibit 1**, at ¶ 3.)

Notably absent from the Complaint is *any* allegation that "Carl Doe" had any involvement in the alleged trip and fall incident, that he was a witness to the incident, or that he was even on the club premises at the time.

Plaintiff's inclusion of "Carl Doe" as a party is clearly an effort to destroy diversity jurisdiction and to prevent Defendant from lawfully removing the dispute to this Court. Plaintiff has pled no additional material facts as to "Carl Doe" because she cannot. These bare-bone allegations are facially insufficient and fail to destroy diversity jurisdiction in this instance. Even presuming "Carl Doe" was an agent or an employee of Defendant, Plaintiff has not and cannot allege that he was involved in the alleged trip and fall incident, that he observed the incident, or even that he was present on store premises at the time. For these reasons, Defendant submits that Plaintiff has fraudulently joined "Carl Doe" as a party and the Court should disregard the alleged citizenship of "Carl Doe" for purposes of determining whether complete diversity exists here.

The Complaint also names "DOES 1-25" as Defendants. (Complaint, **Exhibit 1**, at ¶ 4.) For purposes of removal, however, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). Therefore, the inclusion of "Doe" defendants in the state court Complaint (including "Carl Doe") has no effect on removability. In determining whether diversity of citizenship exists, only the named defendants are considered. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998); *see also Olive v. Gen. Nutrition Ctrs., Inc.*, No. 2:12-cv-04297-ODW, 2012 WL 2006389, at *1 (C.D. Cal. June 5, 2012); *Marsikyan v. Porsche Cars N. Am., Inc.*, No. CV 11-09411 SJO, 2012 WL 280585, at *2 (C.D. Cal. Jan. 30, 2012).

/ / /

/ / /

### III. The Other Prerequisites for Removal are Satisfied.

This Notice of Removal is timely filed. The relevant statute provides that "[e]ach defendant shall have 30 days after receipt… of the initial pleading… to file the notice of removal." 28 U.S.C. § 1446(b)(2)(B). Plaintiff filed her Complaint with the state court on April 19, 2022. Defendants Sam's West, Inc., Walmart Inc. and Sam's Real Estate Business Trust were all served with the Summons and Complaint on May 16, 2022.

This action is properly removed to the United States District Court for the Central District of California, Western Division, which is "the district and division embracing the place where [the] action is pending." 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 84(c)(2) (listing the counties within the Western Division of the Central District of California).

Title 28 U.S.C. § 1446(a) requires a copy of all process, pleadings, and orders served upon the removing defendant in the state court action (20STCV4950) to be included with this Notice of Removal. True and correct copies of the following documents are attached hereto as:

- **Exhibit 1** – Summons and Complaint
- **Exhibit 2** – Statement of Damages
- **Exhibit 3** – Civil Case Cover Sheet, Civil Case Cover Sheet Addendum, E-Filing Notice, and Notice of Case Assignment

Pursuant to 28 U.S.C. § 1446(d), a Notice to Adverse Party of Removal to Federal Court, attached hereto as **Exhibit 4**, together with this Notice of Removal, will be served upon counsel for Plaintiff, and will be filed with the clerk of the Superior Court for the County of Los Angeles.

By filing this Notice of Removal, Defendant does not waive any objections to jurisdiction or venue, and specifically reserves the right to assert any defenses and/or objections to which it may be qualified to assert.

///

If any question arises as to the propriety of the removal of this action, Defendant respectfully requests the opportunity to submit briefing and oral argument and to conduct discovery in support of its position that subject matter jurisdiction exists.

DATED: May 20, 2022

Respectfully submitted,

O'HAGAN MEYER

By: */s/ Theodore C. Peters*
THEODORE C. PETERS
SANAY PANCHAL
*Attorneys for Defendants*
*SAM'S WEST, INC.; WALMART INC.; and SAM'S REAL ESTATE BUSINESS TRUST*